HENRY T. BECK, Appellant, v. JOHN A. WILBOIS, Appellee.

**CONTRACTS:** Actions—Failure of Consideration. A party to a con-
1  tract may not recover thereon when confessedly he has never been
able to furnish the thing for which the other party gave his promise.

**DAMAGES:** Measure of Damages—Nonpayment of Money. A failure
2  to pay money in accordance with a contract must be compensated
by an allowance of principal and legal interest, and not by an
allowance of *consequential* damages measured by the *peculiar* cir-
cumstances of the payee.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

NOVEMBER 14, 1922.

ACTION at law by a vendor, to recover installments of pur-
chase money alleged to be due under a contract of sale of land.
The defense was, in substance, that the consideration had wholly
failed, and that the plaintiff was wholly unable to perform the
contract of sale of his farm. At the close of plaintiff's evidence,
there was a directed verdict for the defendant. The plaintiff
appeals.—*Affirmed.*

*H. S. Thomas,* for appellant.

*John J. Halloran,* for appellee.

EVANS, J.—I. The contract of sale was entered into on
March 11, 1920, whereby the plaintiff purported to sell to the
defendant a certain 85 acres of ground, for a consideration of
$9,000. This consideration was to be paid as fol-
lows: $1,000 at the time of the execution of the
agreement; $250 April 1, 1920; $250 September
1, 1920; $1,000 March 1, 1921; and $6,500 by assuming an exist-
ing first mortgage of $5,000, due March 1, 1922, and an existing
second mortgage of $1,500, due March 1, 1921. Possession of
the premises was to be given to the defendant on March 1, 1921.

1. CONTRACTS:
actions: failure
of consideration.

For some reason not apparent in the record, the parties contemporaneously entered into a lease of the same premises, whereby the defendant vendee leased to the plaintiff vendor the same premises from March, 1920, to March, 1921, and whereby the plaintiff, as vendor and lessee, agreed to pay the interest on the existing mortgages and on the installments of the purchase money up to March, 1921. He agreed, also, to pay the taxes accruing in 1920 and becoming payable in 1921, although the contract of sale provided that the defendant vendee should pay such accrued taxes. The net result of the contract and lease was that the contract of sale was to be performed on March 1, 1921, except that the vendee was to make payments amounting to $1,500 prior to that date. In the meantime, the defendant paid none of the installments that were to be due prior to March 1, 1921. In lieu of a cash payment of $1,000, to be made at the time of the execution of the agreement, the plaintiff accepted the defendant's note for $1,000, payable on April 1, 1920. This is now one of the notes upon which plaintiff sues.

The defense of failure of consideration is predicated upon these facts: That the mortgages of $5,000 and $1,500 which are described in the contract as not becoming due until March, 1922, and March, 1921, respectively, were already past due and subject to suit; that foreclosure was brought thereon, and decrees entered, and sales had; and that the title of the plaintiff had thereby been already extinguished. The plaintiff, in his reply, admitted that he lost the land by these proceedings. The plaintiff's petition was filed prior to March 1, 1921: to wit, on February 24, 1921. The plaintiff does not purport to bring specific performance, nor to declare forfeiture, nor to claim damages as such. He brings his action strictly upon the promise to pay, contained in the contract and note, pursuant to a provision in the contract permitting him to bring such an action for the recovery of all past-due installments. His action is, therefore, an action upon the contract. Needless to say, he cannot recover upon such contract without disclosing performance or readiness to perform upon his own part, in that regard. His position is not materially different from what it would have been in a suit for specific performance. In his reply, the plaintiff admits his

failure and inability to perform, but avers, in substance, that this failure on his own part was the direct result of the failure of the defendant to make the first payment of $1,000, as agreed.

With a view of sustaining this contention, the plaintiff offered, upon the trial, to prove by his oral evidence that he advised the defendant, at the time of executing the contract, that the mortgages were due, and that the taxes were delinquent, and that the interest on the mortgages was unpaid, and that he would be unable to pay the same unless the defendant paid him the $1,000 installment contracted for. This proposed evidence was intended to form the basis for charging upon the defendant the responsibility for the default and failure of the plaintiff. This evidence was rejected by the court. Thereupon, the plaintiff rested, and the court directed a verdict for the defendant. The one question presented for our consideration by the plaintiff is, Was the evidence admissible? Plaintiff assumes that, if we should hold in the affirmative as to the admissibility of this evidence, he would be entitled to a reversal of his case. This is a mistaken conception of his right as an appellant. His appeal was from the judgment. The offered evidence, if admitted, would not, of itself, have availed him unless the evidence as a whole, including the offered evidence, entitled him to go to the jury. The contract required the plaintiff to convey a good title by warranty deed, and to furnish an abstract showing that he had a merchantable title. There is no evidence that the plaintiff had any title, or an abstract of title. Whether his interest in the title, if any, was equitable or legal, or whether it arose out of a contract, or out of a conveyance, or whether his title was apparent of record, does not appear. Moreover, it is conceded that the second mortgage was overdue, and that the first mortgage had become due by reason of delinquent interest and delinquent taxes. Plaintiff assumes that, if he could have paid off the interest and taxes, the mortgagees would reinstate him as nondelinquent, and that they would extend the time of maturity of the mortgages. But there is no evidence of any agreement or arrangement to that effect. For aught that appears in the record, delinquent interest and taxes might have been paid without suspending at all the right of immediate foreclosure by the mortgagees. The plaintiff represents himself, in effect,

as an insolvent, unable to pay and unable to obtain the money from any other source than the defendant. If, therefore, the defendant had paid the installment of $1,000 to the plaintiff, and if the plaintiff had applied the same upon delinquent interest and taxes, the defendant would have been without remedy for his own protection, and could only look with despair upon the disappearance of his money into the wreckage of insolvency. And if the plaintiff had not applied the money to such payment, the defendant would be remediless to recover it, or to obtain from the plaintiff the property for which it was paid. Assuming that this would not legally excuse the defendant from making payment in accordance with the contract, yet this breach or failure by the defendant would not release the plaintiff from his obligation to furnish the *quid pro quo*, as long as he insists upon enforcing the terms of the contract against the defendant. The contract gave to the plaintiff his election of any of four remedies, in the event of the failure of the defendant to pay the agreed installments. These were: First, a declaration of forfeiture; second, an action at law, to recover the unpaid installments; third, an action of foreclosure; fourth, specific performance. It will be noted that the plaintiff has elected the second. Such an action treats the contract as in force. Its obligations, therefore, are as binding upon the plaintiff as upon the defendant. Upon this record, there has never been a time since the making of the contract when the plaintiff himself was able to perform it according to its terms, except as he might be aided by grace of the mortgagees. This is a sufficient justification to the defendant to refuse to perform from the beginning.

It must be said, therefore, that, even if the offered evidence had been received, or if we now treated it as though it were admitted, the plaintiff would still be without a case.

II. It is apparent from the argument that the plaintiff's theory herein is that, if the plaintiff was unable to pay the delinquent interest and taxes unless the defendant paid him the $1,000 installment agreed to be paid upon the execution of the contract, then the defendant was legally responsible for the loss by the plaintiff of his land, and the plaintiff is thereby absolved from all obligations to perform by conveying it, and yet

2. DAMAGES: measure of damages: nonpayment of money.

is entitled to recover the agreed purchase price. If there were theoretical merit in this proposition, the plaintiff starts with the disadvantage of having waived the immediate payment of $1,000, as stipulated in the contract, by accepting the defendant's note therefor. Disregarding that, however, if defendant were asking to enforce the contract against the plaintiff; it would be a good defense by the plaintiff to show the defendant's breach. It is in this sense only that the *consequence* attending the defendant's breach would be chargeable to the defendant. It would be chargeable to him only as an excuse by the plaintiff for nonperformance on his part. Such consequence could not follow as an affirmative measure of damages. If the plaintiff's theory were accepted in an affirmative sense, then the failure to pay an obligation when due would subject the maker of the obligation to the payment of consequential damages, measured by the peculiar circumstances of the payee. If the payee in such a case had, for want of the money, failed to make profitable purchases, or if he had been compelled to make unprofitable sales, or had been unable to pay his own debts, and had suffered loss thereby, then the defaulting maker would be held liable for such losses. Such is not the penalty or the measure of damages for failing to pay a debt when due. The universal measure of damage and penalty in such a case is accruing interest, and the payee has his remedy of a single action for both principal and damages in the form of interest.

In the case at bar, the plaintiff has availed himself of such remedy, but he cannot sue for the purchase money and still refuse or fail to perform on his own part. That he is helpless to perform is conceded. This is decisive of his case.

In view of this conclusion, it is quite immaterial whether any or all of his evidence were received, and we shall not deal with the question. For the reason indicated, the judgment below is affirmed.—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.